PEOPLE, PLAINTIFF AND APPELLEE, *v.* QUIÑONES ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in a Prosecution for Adulteration of Milk.

No. 1834.—Decided May 29, 1922.

CRIME AGAINST PUBLIC HEALTH—ADULTERATION OF MILK.—By the act penalizing the adulteration of milk every person who sells adulterated cow's milk, and not alone the owner of the stall where it is sold, is guilty of the crime. In the case of *People* v. *Gautier*, 20 P. R. R. 311, it was not held that only the owner of the stall may be convicted, but that he is criminally liable even though the sale be made by his employee. The fact that the law penalizes the offender by revoking his license, besides the usual punishment, does not mean that only a person having a license can be convicted, but that in case the person convicted of selling adulterated milk has a license it will be revoked.

The facts are stated in the opinion.

*Messrs. Carlos V. Urrutia* and *A. R. de Jesús* for the appellants.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellants, Julio Quiñones and Lorenzo Maldonado, were each sentenced to one month's imprisonment and they now allege in support of their appeal that the penalty was excessive and that as regards Quiñones the evidence was not sufficient to support the judgment.

It was proved at the trial, and is not questioned here, that the milk found in the possession of the appellants was diluted with water and that the license for selling milk was

issued in the name of Lorenzo Maldonado. Two witnesses for the prosecution testified at the trial that Julio Quiñones and Lorenzo Maldonado were selling the milk which was found to be diluted, but Julio Quiñones while testifying denied that he was selling the milk, although he admitted that he was in the milk-stall in his shirt-sleeves because he lived back of the place, adding that he had leased the stall to Maldonado for fifty cents a day.

The conflict in the evidence as to whether Quiñones was selling the milk was adjusted against him by the judgment of conviction and in view of this he alleges that inasmuch as the license for the milk-stall is in the name of Maldonado, he can not be convicted, because the law punishes only the owner of the stall where the adultered milk is sold.

We can not agree with this contention, because by the Act penalizing the adulteration of milk every person who sells adulterated cow's milk, and not alone the owner of the stall, is guilty of the crime, and inasmuch as Julio Quiñones was selling the adultérated milk, no error was committed in convicting him. The case of *People* v. *Gautier*, 20 P. R. R. 311, cited by Quiñones in support of his contention, does not apply to this case, because there it was not held that only the owner of the stall may be convicted, but that he is criminally liable even though the sale be made by his employee. The fact that the law penalizes a second offense by revoking the license, besides the usual punishment, does not mean, as contended by the appellant, that only a person having a license can be convicted, but that in case the person convicted of selling adulterated milk has a license it shall be revoked.

We shall not modify the penalty imposed by the sentence, because it has not been shown that the trial court committed a gross abuse of discretion in fixing the same.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.